UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Steven Geringer</u>

    **v.**　　　　　　　　　　　　　　Case No. 10-cv-311-PB

<u>Ronald Ingham, et al.</u>

<u>**O R D E R**</u>

Steven Geringer has brought a claim for damages against current and former directors of the Evergreens Condominium Association.  The defendants argue in a motion to dismiss that Geringer has asserted only a derivative claim that does not meet the pleading requirements of Fed. R. Civ. P. 23.1.  I agree.

It is apparent from a fair reading of the complaint that Geringer is seeking to recover for injuries that were allegedly suffered by the Association.  In short, to the extent that defendants injured Geringer, they did so by taking actions on behalf of the Association in their capacities as directors that affected all members of the Association in the same way in which they affected Geringer.  This is a classic derivative action, not

a claim for individual relief.[1]

Claims of this sort must be pleaded in accordance with Fed. R. Civ. P. 23.1 and Geringer does not even argue that he has complied with this rule.  The motion to dismiss (Doc. No. 5) is granted and the complaint is dismissed without prejudice.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

October 21, 2010

cc:  Steven Geringer, pro se
     Andrew Dunn, Esq.
     Edmund A. Allcock, Esq.

---

[1]   Although it is not essential to my ruling, I also agree with defendants' contention that Geringer cannot maintain an individual claim for breach of fiduciary duty against the directors of the Association.  The Massachusetts law that defendants cite for this proposition is persuasive and Geringer's citation to New Hampshire law for the non-controversial proposition that a trustee owes a fiduciary duty to a beneficiary does nothing to add to the analysis.